## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **HARVEY CORSON, CRISTI ALBERINO, MICHAEL E. FIORINO, THE CONNECTICUT ASSOCIATION OF THE DEAF, INC.,** | Civil Action No.: |
| **Plaintiffs,** | **COMPLAINT** |
| **V.** | |
| **BOW TIE CINEMAS, LLC, BOW TIE PARTNERS, LLC** | **Date: July 30, 2013** |
| **Defendants.** | |

### PRELIMINARY STATEMENT

This is an action brought under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, to correct a discriminatory public accommodation practice affecting movie patrons who are deaf or hard of hearing. Movies are a vital part of the social, cultural, and political life of individuals who live in Connecticut, including those who are deaf or hard of hearing. Yet, deaf and hard of hearing people are being unlawfully denied equal access to the movie-going experience. This action seeks to provide appropriate relief to these aggrieved persons, and seeks to vindicate the public interest, generally.

The individual Plaintiffs bringing this action are deaf and hard of hearing residents of Connecticut who have been denied access to movie theaters owned and/or operated by Bow Tie Cinemas. The organizational Plaintiff is the Connecticut Association of the Deaf, Inc., a non-profit membership group that advocates for and provides services to people who are deaf and

hard of hearing in Connecticut. Its mission is thus directly and adversely affected by the unlawful denial of movie theater access that its members have experienced.

The Defendants own and/or operate eleven movie theaters throughout Connecticut.[1] Two of these theaters, Criterion Cinemas at Blue Back Square (hereinafter "Blue Back Square") and Bow Tie Cinemas Palace 17 & Odyssey Theater and Cinema at the City Place (hereinafter "New Park Ave.") are in Hartford County, Connecticut. These theaters are inaccessible to the named Plaintiffs and to members of the Connecticut Association of the Deaf, Inc. (hereinafter "CAD"), many of whom are deaf or hard of hearing. Upon information and belief, other theaters operated by Defendants in Connecticut are similarly not accessible to individuals who are deaf and hard of hearing. This lack of access at Bow Tie's theaters is particularly troublesome in light of the fact that approximately 8% or 70,000 of the residents who reside in Hartford County are deaf or hard of hearing.[2] This population data can be explained, in part, by the fact that Hartford County is the home of several significant educational facilities for the deaf and hard of hearing.

West Hartford, Connecticut is home to the American School for the Deaf ("ASD"). Bow Tie's Criterion Cinemas at Blue Back Square is approximately one mile from this school. Since 1817, this school has served the profoundly deaf population of Connecticut. It provides educational services for children from birth through high school. ASD also provides educational services to adults. There are more than 300 individuals enrolled in various programs at the

---

[1] Defendants' website lists two theater locations on New Park Avenue in Hartford. In fact, these theaters are at one location. http://www.bowtiecinemas.com/locations.html.
[2] Hartford County makes up about a quarter of Connecticut's population (24.6%) with 881,609 people out of 3,590,347 people in Connecticut. Of this population, nearly 8% (7.76%) of these Connecticut residents have some degree of hearing loss (68,510 people). Of this same population in Hartford County, nearly 0.5% (0.47% exactly) of these Connecticut residents are profoundly deaf (4,229 people). State of Connecticut, Department of Rehabilitation Services, http://www.cdhi.ct.gov/cdhi/site/default.asp (follow "about us" hyperlink; then follow "people who are deaf or have some type of hearing loss in Connecticut" hyperlink) (last visited July 29, 2013).

ME1 16193815v.1

school.  Additionally, there are numerous faculty members and employees who teach and work at ASD who are also deaf or hard of hearing, and these individuals reside in the area as well.

In addition to ASD, the Capitol Region Education Council ("CREC"): Soundbridge School is also located in Greater Hartford.  CREC is a non-profit, public educational organization located in Wethersfield, Connecticut that offers a regional program for children with hearing loss.  It provides a continuum of services from birth until age 21.  This school is seven miles from the Blue Back Square and five miles from the New Park Avenue cinema in Hartford.

Despite the fact that the cost of providing textual representation for deaf and hard of hearing patrons would not be burdensome, Defendants have failed to provide Plaintiffs with access to their movie theaters, as required by the Title III of the ADA.  Defendants' failure denies Plaintiffs full and equal enjoyment of movies shown at Defendants' movie theaters. Plaintiffs bring this lawsuit to compel Defendants to cease unlawful discriminatory practices, as well as to implement policies and procedures that will ensure effective communication, equal access, and an equal opportunity to participate in and benefit from Defendants' programs, activities, and services.  In short, Plaintiffs seek access to a routine social experience that hearing people enjoy as a matter of course: going to the movies with their family and friends.

## JURISDICTION

1.      Plaintiffs' claims arise under Title III of the ADA, 42 U.S.C §§ 12181-12189.

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the laws of the United States, and 28 U.S.C. §§ 1343(a)(3) and (4), which gives district courts jurisdiction over actions to secure federal civil rights.

3

MEI 16193815v.1

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because (i) the individually named Plaintiffs reside within this District; (ii) CAD has offices and members within this District; (iii) Defendants operate a place of business within this District; and (iv) the acts and omissions as well as the Plaintiffs' injuries giving rise to this Complaint occurred within this District.

## PARTIES

4.      Plaintiff Harvey Corson resides at 1280 Asylum Avenue, Unit 1A, Hartford, CT 06105.  He is a United States citizen, a resident of Connecticut, and the President of the Connecticut Association of the Deaf, Inc.

5.      Plaintiff Cristi Alberino resides at 488 Fern Street, West Hartford, CT 06107.  She is a United States citizen, a resident of Connecticut, and a member of the Connecticut Association of the Deaf, Inc.

6.      Plaintiff Michael E. Fiorino resides at 852 Flatbush Avenue, West Hartford, CT 06110.  He is a United States citizen, a resident of Connecticut, and a member of the Connecticut Association of the Deaf, Inc.

7.      The Connecticut Association of the Deaf, Inc. is a non-profit consumer-based organization headquartered in West Hartford, Connecticut.

8.      CAD provides advocacy, resources, and individualized assistance to people who are deaf and hard of hearing in the state of Connecticut.  CAD is devoted to the goal of full inclusion, equality, and civil rights for its members who are deaf and hard of hearing Connecticut residents and whose lives are directly affected by barriers that impede based on the lack of hearing.  CAD's work is based on a close association with its members.  Members are deaf and hard of hearing residents of the areas where the Defendants own and/or operate movie

4

theaters in Connecticut and have standing in their own right to sue Defendants. Additionally, all of the Board members and leaders of CAD are deaf or hard of hearing. Accordingly, the interests that CAD seeks to protect through this litigation are germane to its mission and purpose.

9.      CAD is seeking relief on behalf of its members. Its members are experiencing the actual injury of being denied access to Defendants' movie theaters in Connecticut under the ADA. Such injuries are directly linked to this action, and a favorable decision will redress its members' concerns.

10.     Defendant Bow Tie Cinemas, LLC is a private business incorporated under the laws of the State of Delaware and with its principal place of business located at 641 Danbury Road, Ridgefield, Connecticut.

11.     Defendant Bow Tie Partners, LLC is a private business incorporated under the laws of the State of New York and with its principal place of business located at 1530 Broadway, New York, New York.

12.     Defendant Bow Tie Cinemas, LLC and Defendant Bow Tie Partners, LLC (hereinafter "Defendants") own, operate, and/or lease 11 movie theater locations in Connecticut, with over 70 screens. Defendants' movie theaters are located in West Hartford, Hartford, Greenwich, New Haven, New Canaan, Stamford (two locations), Wilton, Westport, Trumbull, and South Norwalk. Defendants' movie theaters are located near where Plaintiffs, and other members of CAD live and/or work.

MEI 16193815v.1

## FACTUAL ALLEGATIONS

**Background on the Nature of the Available Technologies.**

13.     The inaccessibility that marks the movie going experience for deaf and hard of hearing patrons of Bowtie theaters – described below and challenged in the instant case – stands in stark contrast to the technologies that are now readily available at an insignificant cost. Indeed, technologies are now widely available for movie theaters to provide a textual representation of the dialogue and soundtrack in the form of either captioning on-screen or through an individual caption display system.

14.     Captioning can be displayed on the screen. This method of captioning is called "open captioning" because the captions are visible to all audience members.

15.     Individual captioning systems allow individual users to view captions through an auxiliary device at the individual's seat.  This method of captioning is called "closed captioning" because the captions are only visible to the individual user who is utilizing the auxiliary device.

16.     Assistive listening devices merely amplify the dialogue and the soundtrack. However, these devices do not provide an effective accommodation for persons who are deaf and hard of hearing who either (a) have hearing loss significant enough such that they cannot comprehend aural information through assistive listening devices – with or without hearing aids or cochlear implants or (b) do not use or do not benefit from hearing aids equipped to receive inductive transmissions.

17.     While Defendants' movie theaters offer the service of showing movies to the public, it does not provide access for deaf and hard of hearing patrons such as Plaintiffs.  It has either insufficient or no auxiliary aids or services to make auditory information presented in the movies visually accessible for those who are deaf or hard of hearing.

ME1 16193815v.1

18.     Whenever Plaintiffs want to enjoy the full benefits of watching a film at a movie theater, they require captioning that conveys auditory information in text format.  Since Defendants' movie theaters provide no devices whatsoever, a profoundly inadequate number of devices, or provide malfunctioning devices, Plaintiffs are unable to meaningfully benefit from the services provided at Bowtie theaters.

**Plaintiffs' Inability to Access the "Blue Back Square" and "New Park Ave." Theaters.**

19.     Plaintiff Harvey Corson is deaf and a qualified individual with a disability under the ADA.  He is substantially limited in the major life activities of hearing and speaking.  His hearing loss is severe enough that he cannot hear or discriminate speech to enable him to understand the dialogue of a movie without a visual representation.

20.     Plaintiff Harvey Corson cannot experience full and equal enjoyment of movies without a textual representation of the soundtrack because of his disability.

21.     Mr. Corson is married.  He and his wife, Mary Ann Corson, who is also deaf and a member of CAD, enjoy going to the movies together.  Prior to the Defendants assuming ownership and/or operation over the Bow Tie movie theater on New Park Avenue in Hartford, Connecticut, open captioned films were shown on Sundays at that location.  Mr. Corson and his wife enjoyed attending those films.  After Defendants assumed ownership and/or operation of that movie theater, captioned films were no longer shown.  As such, Mr. Corson, his wife, and other members of CAD are no longer able to understand films at that movie theater.

22.     On or about November 2007, a new Bow Tie Cinema opened in Blue Back Square in West Hartford, Connecticut, within one mile of the American School for the Deaf.  Mr. Corson went to the movie theater box office shortly after it opened  to inquire about captioned films.  Mr. Corson was informed that the movie theater would not be showing any captioned

7

films. However, Mr. Corson and his wife would continue to attend Defendants' movie theaters if captioned films were shown.

23.    Plaintiff Cristi Alberino has a profound hearing loss and is a qualified individual with a disability under the ADA. She is unable distinguish sounds most of the time, with or without the use of hearing aids. She is substantially limited in the major life activity of hearing. Her hearing loss is severe enough that she cannot hear or discriminate speech to enable her to understand a movie. She cannot experience full and equal enjoyment of movies without a textual representation of the soundtrack because of her disability.

24.    Ms. Alberino is married. She and her husband, who is hearing, enjoy going to the movies together. In March 2012, Ms. Alberino and her husband wished to watch the newly released feature film titled "The Hunger Games," which was playing in Defendants' movie theaters in Connecticut. Ms. Alberino's husband called Defendants' movie theaters in Connecticut, but none offered captioned services for the film. Ms. Alberino and her husband did not see the film.

25.    Ms. Alberino and her husband would attend Defendants' theaters if captioning services were provided.

26.    Plaintiff Michael E. Fiorino is deaf and a qualified individual with a disability under the ADA. He is substantially limited in the major life activities of hearing and speaking. His hearing loss is severe enough that he cannot hear or discriminate speech to enable him to understand the dialogue of a movie without a visual representation. He cannot experience full and equal enjoyment of movies without a textual representation of the soundtrack because of his disability.

8

27.     CAD has members who are deaf or hard of hearing, and hence are qualified individuals under the ADA.  Members of CAD cannot experience full and equal enjoyment of movies without a textual representation of the soundtrack because of their disability.

28.     Rebecca Abeyta is deaf and a resident of Hartford County.  Her husband and two children are hearing.  On or about July 2, 2013, Ms. Abeyta, her husband and two children went to the Bow Tie Theater at Blue Back Square in West Hartford to see the 7:20 p.m. showing of "World War Z."  Ms. Abeyta was provided with a device, called CaptiView, that is designed to provide a digital textual representation of the soundtrack.  However, when the film began, the device did not work.  Ms. Abeyta's husband and a theater employee attempted to get the device to work, but could not.  Ms. Abeyta returned the device to the theater but stayed to watch the movie because she did not want to make her family leave the theater.  She, however, could not understand the film because she could not hear the dialogue or any of the soundtrack.

29.     Also on or about July 2, 2013, Plaintiffs Corson, Alberino, Fiorino, and CAD member Mary Ann Corson went to Blue Back Square to see the 7:20 p.m. showing of "World War Z."  Mr. Corson, who can read lips and speak, asked at the box office for closed captioning devices.  Mr. Corson was told that the theater had only two such devices and that one of the devices had already been given to another deaf theater patron. There was therefore only one device available for the four deaf patrons.

30.     Plaintiff Fiorino decided to use the one device available, while the rest of his party left the theater.  However, Mr. Fiorino's device did not work.  He informed a theater employee, who was also not able to get the device to work.  Plaintiff Fiorino returned the device to the box office.  When he did so, he learned that the other device that had been lent out that

evening had also been returned to the box office.  Since he was not able to view the movie, Mr. Fiorino then left the theater.

31.     On or about July 8, 2013, Plaintiffs Corson and Fiorino, and CAD members Mary Ann Corson and Richard Morris, went to the Bow Tie Theater on New Park Avenue in Hartford to see the 7:20 p.m. showing of "Despicable Me 2."  Mr. Corson asked for captioning devices. The theater manager said that the theater had no captioning devices, but only assistive listening devices.  However, deaf people who have no ability to discriminate sounds to understand spoken speech cannot use assistive listening devices.  The theater manager wrote a note to Plaintiff Corson and suggested only that he go to the theater at Blue Back Square.

32.     As a direct result of Defendants' discriminatory practices, many other CAD members from Connecticut who – like Mr. Corson – cannot access Defendants' movie theaters, are forced to make a choice that hearing persons need not contemplate: either accept the fact that movies are inaccessible to them, or to travel greater distances to attend captioned movies provided by a theater operator other than the Defendants.

**Inaccessibility at Defendants' Other Theaters in Connecticut.**

33.     In fact, upon information and belief, all of Bow Tie other theaters in Connecticut deny deaf and hard of hearing patrons meaningful access to the movie going experience.

34.     The theater at 542 Westport Avenue (Route 1), Westport, Connecticut has only two captioning devices (*i.e.*, devices that can be used by only two individuals at any one time) available for the six screens.

35.     Upon information and belief, the Bow Tie theater at 86 Temple Street, New Haven, Connecticut, "the Criterion Cinemas," does not offer any captioned films at any of its screens at any time.

MEI 16193815v.1

36.     Upon information and belief, the Bow Tie theater at 64 North Main Street, South Norwalk, Connecticut, "the Regent 8," has only two captioning devices available for the eight screens.

37.     Upon information and belief, the Bow Tie theater at 118 Summer Street, Stamford, Connecticut, "the Majestic 6," has only two captioning devices available for the six screens.

38.     Upon information and belief, the Bow Tie theater at 100 Quarry Road, Trumbull, Connecticut, "the Marquis 16," has an unspecified number of captioning devices available for its sixteen screens.

39.     Upon information and belief, the Bow Tie Theater at 2 Railroad Avenue, Greenwich, Connecticut, "the Criterion Cinemas at Greenwich Plaza," has only two captioning devices available for its three screens.

40.     Upon information and belief, Defendant's movie theater at 5 Landmark Square, Stamford, Connecticut: "the Landmark 9" offers captioned movies only in certain of its nine screens at certain times, and Plaintiffs are unable to confirm the number of captioning devices at this theater.

41.     Upon information and belief, Defendant's movie theater at 89 Elm Street, New Canaan, Connecticut, "the New Canaan Playhouse," does not offer any captioned films at any of its two screens at any time.

42.     As alleged above, some Bowtie theaters provide a nominal number of devices for deaf and hard of hearing patrons.  However, even assuming that those devices were functional – which Plaintiffs learned was not the case at the Blue Back Square theater – a nominal number of devices would not render those theaters accessible.  If, for example, no more than two devices are available at a theater for all of its screens, then deaf families, a group of deaf friends, or

11

multiple parties made up of deaf patrons cannot attend a movie together without being forced to make a Hobson's choice: decide which members of the group can enjoy the movie and which would have to either go home, or simply sit and watch the movie, but not be able to understand it.

43.     By not providing reasonable captioning services at its movie theaters in West Hartford, Hartford, and throughout Connecticut, Defendants have failed to comply with the requirement of Title III of the ADA. Thus, Defendants do not provide deaf and hard of hearing people equal benefits or equal access to the services offered at its movie theaters. Upon information and belief, Plaintiffs allege that these discriminatory practices continue through the present.

## COUNT I: VIOLATION OF TITLE III OF
## THE AMERICANS WITH DISABILITIES ACT OF 1990

44.     Plaintiffs repeat and re-allege paragraphs 1 through 42 in support of this action.

45.     Plaintiff Harvey Corson and members of CAD are qualified individuals with disabilities under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2).

46.     Defendants' movie theaters are "place[s] of public accommodations" as defined by Title III of the ADA, which includes "a motion picture house." 42 U.S.C. § 12181(7)(C).

47.     The ADA was enacted in order to eliminate the discrimination against individuals with disabilities that "...persists in such critical areas as . . . public accommodations, *education*, . . . communication, *recreation* . . ." 42 U.S.C. 12101(a)(3) (emphasis added). Movie theaters are both educational and recreational within the meaning of the statute.

48.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations . . . ." 42 U.S.C. § 12182(a).

MEI 16193815v.I

49.     Furthermore, a public accommodation cannot deny participation in or offer unequal or separate benefit to individuals with disabilities.  A public accommodation is required to administer its programs and activities in the most integrated setting appropriate to meet the needs of qualified individuals with disabilities.  42 U.S.C. § 12182(b)(1)(A) and (B); 28 C.F.R. §§ 36.202; 36.203.

50.     A public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities.  This includes "open and closed captioning."  42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(1).

51.     Defendants have discriminated against Plaintiffs on the basis of their disabilities in violation of the ADA by denying Plaintiffs auxiliary aids and services necessary to ensure effective communication, equal access, and equal opportunity to participate in and benefit from Defendants' services.

52.     The dialogue and soundtrack of a movie are essential parts of the service being offered by Defendants' movie theaters.

53.     Auxiliary aids and services are commercially available for Defendants to purchase and install in its movie theaters, which would allow for full and equal enjoyment of its services through textual representations of the films by Plaintiffs.

54.     Defendants have failed to take such steps as are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.  Because of the absence of captioning, Defendants are discriminating, and will continue to discriminate, against Plaintiffs and is violating Title III of the ADA.  42 U.S.C. § 12182(b)(2)(A)(iii).

ME1 16193815v.1

55.     Defendants have further discriminated and will continue to discriminate against Plaintiffs because Defendants have denied and are denying Plaintiffs equal participation in the services and benefits provided at Defendants' movie theaters in Connecticut.  42 U.S.C. § 12182(b)(1)(A)(i).

56.     Defendants have further discriminated and will continue to discriminate against Plaintiffs because Defendants have denied and are denying Plaintiffs an equal opportunity to achieve the same benefits that other patrons achieve by visiting Defendants' movie theaters in Connecticut.  42 U.S.C. § 12182(b)(1)(A)(ii).

57.     Defendants have further discriminated and will continue to discriminate against Plaintiffs because Defendants, by not providing a reasonable number of captioning services, have failed to remove structural communication barriers that Plaintiffs encounter when attempting to enjoy a film at any of Defendants' movie theaters in Connecticut.  42 U.S.C. §12182(b)(2)(A)(iv).

58.     Pursuant to 42 U.S.C. §§ 12188(a) and 12205, Plaintiffs are entitled to injunctive relief and to recover from Defendants reasonable attorneys' fees and costs incurred in bringing this action.

**RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court provide the following relief:

I.     Issue a declaratory judgment that Defendants' policies, procedures, and practices have subjected Plaintiffs to discrimination due to their failure to provide meaningful access to captioning for movies in violation of Title III of the Americans with Disabilities Act;

MEI 16193815v.1

II.   Enjoin Defendants from any policy, procedure, or practice that will deny Plaintiffs equal access to and an equal opportunity to participate in and benefit from Defendants' services or that denies Plaintiffs effective communication;

III.   Order Defendants to develop and comply with written policies, procedures, and practices to ensure that Defendants do not discriminate against Plaintiffs and individuals who are deaf and hard of hearing, including but not limited to, requiring Defendants to:

   a.   display captioning so that Plaintiffs and other deaf and hard of hearing moviegoers at Defendants' movie theaters have the same choice of accessible movies as do hearing moviegoers with respect to which movies to see and which times to see the movies, whether alone or in a large group;

   b.   provide sufficient number of functioning closed captioning viewing devices to enable groups of Plaintiffs and other deaf and hard of hearing moviegoers to be able to view the movies in a fully accessible manner;

   c.   implement an appropriate training and oversight program regarding operation and maintenance of the captioning equipment and assistance of movie patrons who are deaf or hard of hearing;

IV.   Award reasonable costs, interest, and attorneys' fees; and

V.   Award any and all other relief that may be necessary and appropriate.

PLAINTIFFS,
HARVEY CORSON, CRISTI ALBERINO,
MICHAEL E. FIORINO, CONNECTICUT
ASSOCIATION OF THE DEAF, INC.

By:___/s/_____
Catherine A. Mohan
Federal Bar No.: CT00340
cmohan@mccarter.com
McCarter & English, LLP
185 Asylum Street
Hartford, CT 06103
Phone:  (860) 275-6700
Fax:  (860) 724-3397

ME1 16193815v.1

By:    /s/
Nancy B. Alisberg
Federal Bar No.: CT21321
*nancy.alisberg@ct.gov*
Paulette G. Annon
Federal Bar No.: CT21556
*paulette.annon@ct.gov*
State of Connecticut Office of Protection and
Advocacy for Persons with Disabilities
60-B Weston Street
Hartford, CT 06120
Phone: (860) 297-4300
Fax: (860) 566-8714

16